JOHN H. MIMMS *v.* BENJAMIN GATES.

January Term, 1919.

Present:  WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1919.

*County Court—Auditing Stenographer's Bill.*

G. L. 580 authorizes the State Auditor to act in cases not otherwise specially provided for, and G. L. 1629 makes presiding judges of the county court auditors of stenographic reporter's accounts for services rendered at a term of court to which they are appointed to serve. *Held*, that the authority of the presiding judge to audit such reporter's accounts is a case "otherwise specially provided for", and the State Auditor has no authority to revise such audit of the presiding judge.

PETITION for writ of mandamus, brought to the Supreme Court for Chittenden County at its January Term, 1919, and then heard on the pleadings.

*John H. Mimms, pro se.*

*Herbert G. Barber,* Attorney General, for the petitionee.

BY THE COURT.  The petitioner was the duly appointed and sworn official stenographic reporter of the county court for the county of Chittenden at its March Term, 1918.  After having served in that capacity for seventeen days, he was summoned to Boston by United States Government officials in connection with the flotation of the Third Liberty Bond issue, and during his absence of one day his place was supplied by a special stenographer, who was allowed for that day's service ten dollars.  On the petitioner's return he resumed his duties in court and continued in that service to the end of the term, serving thereafter in that capacity thirteen days.  He was allowed by the presiding judge of the county court, for his services for the first seventeen days before being summoned to Boston and for one day after his return, the sum of one hundred and eighty dollars, being at

the rate of ten dollars per day, and for the last twelve days ninety-six dollars, being at the rate of eight dollars per day. The defendant, as State Auditor, disallowed this allowance of the county court in the sum of two dollars, on the theory that the petitioner was not entitled to receive under the rules of the county court but eight dollars per day after his return from Boston, eighteen days of the term then having expired, and it is to compel the allowance of the two dollars disallowed on the *per diem* of the first day after the petitioner's return that this petition is preferred.

The authority of the State Auditor to allow or disallow claims against the State is derived from the statute, and looking at that we find no authority given to him by which he could disallow any part of the petitioner's bill which had been allowed by the presiding judge of the county court. G. L. 580 only authorizes the Auditor to act in cases not otherwise specially provided for, and G. L. 1629 makes presiding judges of the county court auditors of stenographic reporter's accounts for service rendered at a term of court to which they are appointed to serve, and provides that the county clerk *shall pay the bill.* While the statute authorizes the Auditor to audit the clerk's account and *credit him with moneys properly disbursed by him,* it does not authorize him to revise the audit of the presiding judge of the county court, where that court, by law, is made the auditor; nor has he authority enabling him to disallow to the clerk of the county court for money paid by him on an allowance by the presiding judge of that court, in a matter where such judge has the exclusive authority to make the allowance. From the statute it is clear that the allowance of the stenographer's bill for services at a term of court to which he is appointed to report is to be made by the judge presiding at that term, and his authority to audit such accounts is a case "otherwise specially provided for," mentioned in the statute.

As this holding disposes of the case, it is unnecessary to pass upon the question of whether the allowance was according to the provisions of rule 47, § 2, of the County Court Rules, upon which the Auditor relies.

*Judgment that a mandamus issue directed to the said Benjamin Gates commanding him to allow the petitioner's account as the same was allowed by the presiding judge of the county*

*court for the county of Chittenden, and to issue his order upon the State Treasurer for the sum of two dollars, payable to the said petitioner, and deliver the same to the said petitioner on demand.*